UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVNEET KAUR,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00916-DC-DMC (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2, 7) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 14–17). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL

1

1   3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL
2   25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No.
3   8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as
4   to the petitioner's due process claim).

5        On February 3, 2026, the court issued an order informing the parties that it was
6   considering ruling directly on the petition and asking both parties whether they oppose
7   simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.
8   No. 6.) The court also directed Respondents to address whether there are any factual or legal
9   issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,
10  *Labrador-Prato*, and *D.L.C.* (*Id.*)

11       On February 5, 2026, Respondents filed their opposition to Petitioner's motion for
12  temporary restraining order in which they oppose Petitioner's motion on the same grounds as
13  those addressed by the court in the aforementioned cases, but acknowledge that those cases "do
14  not appear distinguishable in law or fact from this case." (Doc. No. 7 at 2.) Respondents further
15  indicate that they are amenable to the court ruling directly on the petition and do not request an
16  opportunity to provide any further briefing. (*Id.* at 2–3.) Indeed, Respondents titled their filing as
17  a motion to dismiss the petition and opposition to Petitioner's motion. (*Id.* at 1.) Petitioner opted
18  not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on
19  the habeas petition and motion for temporary restraining order.

20       Because Respondents have not made any new legal arguments and have not identified any
21  factual or legal issues in this case that would distinguish it from the court's aforementioned prior
22  decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2)
23  and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in
24  /////
25  /////
26  /////
27  /////
28  /////

the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

   a. Petitioner Navneet Kaur shall be released immediately from Respondents' custody with the same conditions she was subject to immediately prior to her detention on September 3, 2025. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and

   b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered;

2. Respondents' motion to dismiss (Doc. No. 7) is DENIED; and

/////
/////
/////
/////
/////
/////

---

[1] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief she seeks based on the court's ruling as to Count One.

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __**February 9, 2026**__

_____
Dena Coggins
United States District Judge